# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2450 | **DATE** | 10/4/2010 |
| **CASE TITLE** | Gaudie vs. Countrywide Home Loans, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Motion by Defendants Potestivo Appraisal Services, Inc. and Craig John Potestivo to Dismiss Plaintiff's Complaint [68] is granted.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    In March 2009, plaintiff Linda Gaudie sued Potestivo Appraisal Services, Inc. and Craig John Potestivo (together, "Potestivo") along with several other defendants, alleging various causes of action under Illinois law. The case was removed to this Court in April 2009. Potestivo has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), on the ground that plaintiff failed to serve him with process within the time provided by Fed. R. Civ. P. 4(m). In the alternative, Potestivo argues for dismissal pursuant to Supreme Court of Illinois Rule 103(b). For the reasons explained below, the motion is granted.

    Fed. R. Civ. P. 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Seventh Circuit has fashioned a two-pronged inquiry for deciding whether to dismiss a complaint for failure to comply with Rule 4(m). First, "a district court must . . . inquire whether a plaintiff has established good cause for failing to effect timely service." *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). If the plaintiff shows good cause, "the court has no choice but to extend the time for service, and the inquiry is ended." *Id.* If the plaintiff fails to show good cause, "the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Id.*

    I need not linger over the initial question of whether plaintiff has shown good cause. She has not. Plaintiff took no steps between June or early July 2009 -- when she was informed of Potestivo's current address --

**STATEMENT**

and February 2010 to serve Potestivo, and she has offered no reason for the delay.

The applicable statute of limitations has apparently run on some of plaintiff's claims. While that may in some cases be a factor arguing in favor of allowing the case to go forward, in this case there was absolutely no excuse for failing to serve Potestivo. Potestivo was not attempting to evade service. Plaintiff had known his address for months, but did nothing. What is more, Potestivo may have suffered prejudice by the delay in service. During the interim period, the parties in the case briefed and I ruled on a motion to dismiss. While Potestivo could raise the same issues in his own motion, it is unlikely that I will change my ruling at this date.

On plaintiff's motion, on 2/25/10, I allowed service of an alias summons on Potestivo. Plaintiff implied at that time that she had only recently obtained Potestivo's address. She also claimed that Potestivo was a necessary party. Neither are true. Plaintiff was aware of Potestivo's Rochester, MN address by June 2009; and she has yet to provide even the slightest support or explanation for her claim that Potestivo is a necessary party. *No Baloney Marketing, LLC v. Ryan*, No. 1:09-cv-0200-SEB-TAB, 2010 WL 1286720, at *14 (S.D. Ind. Mar. 26, 2010) (rejecting unsupported claim that party was necessary to the litigation); *Flanagan v. Allstate Ins. Co.*, 580 F. Supp. 2d 663, 665 (N.D. Ill. 2008) (same); *see also Bodner v. Banque Paribas*, 114 F. Supp. 2d 117, 136 (E.D.N.Y. 2000) ("[I]t is well established federal law that neither joint tortfeasors nor co-conspirators are indispensable parties.").

The parties' best argument in favor of denying the motion to dismiss is that Potestivo will likely be sued anyway. Plaintiff says she will refile her complaint, on claims not time barred, and Countrywide (which has filed its own claim against Potestivo but has not served him), says it will likely pursue him. That may be. But it is one thing to say they will do something. These are the same parties who either took a year to serve Potestivo or have never served him even now. If new complaints are filed, and timely served, those claims may yet end up before me. But it is within my discretion to grant or deny the present motion. Since Fed. R. Civ. P. Rule 4(m) seems to me to have no meaning if parties can simply ignore the time set forth in it, I will exercise that discretion to grant the motion to dismiss. Potestivo Appraisal Services, which has never been served, is dismissed as well.