# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2450 | **DATE** | 3/15/2011 |
| **CASE TITLE** | Gaudie vs. Countrywide Home Loans, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Third-party defendants Craig J. Potestivo and Potestivo Appraisal Services, Inc.'s motion to dismiss [129] is denied. Status hearing set for 3/25/11 is reset for 3/23/11 at 9:30 a.m.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　Third-party defendants, Craig J. Potestivo and Potestivo Appraisal Services, Inc. (collectively "the Potestivo Defendants") move to dismiss the third-party complaint filed by Countrywide Home Loans, Inc. ("Countrywide") and Landsafe Appraisal Services ("Landsafe"). In the original complaint, plaintiff Linda M. Gaudie sued the Potestivo Defendants, Countrywide and Landsafe for claims arising out of a 2006 real estate venture. She alleged that the Potestivo Defendants, who were hired by Countrywide and Landsafe, overstated the market value of the property when they appraised the property. The court dismissed the Potestivo Defendants from the case because Gaudie failed to serve them. Following this, Countrywide and Landsafe filed a third-party complaint against the Potestivo Defendants for contribution under the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 *et seq.*

　　　In the motion to dismiss, the Potestivo Defendants argue that Countrywide and Landsafe have waived any claim of contribution. According to the Potestivo Defendants, Countrywide and Landsafe effectuated this waiver by "review[ing] and approv[ing] Potestivo's appraisal of the property's market value" and "cannot complain that any injury suffered by Gaudie is the result of a negligent appraisal prepared by Potestivo." Potestivo Mem. at 4. In other words, the Potestivo Defendants argue that they cannot be held responsible because Countrywide and Landsafe waived any claim they had against the Potestivo Defendants by independently confirming and approving the valuation reached by the Potestivo Defendants. Specifically, prior to Countrywide underwriting Gaudie's loan, a Landsafe employee, Hansel Dobbs, performed a review (called an "OTC Value Opinion") of the Potestivo appraisal, in which Dobbs concluded that the "value of $880,000 appears to be supported within tolerance for lending purposes." Gaudie Compl. ¶¶ 125-26. The Potestivo Defendants cite the OTC Value Opinion as the basis for their waiver argument.

　　　Waiver is the voluntary and intentional relinquishment of a known right. *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1140 (7th Cir. 2009). "Waiver may be made by an express agreement

# STATEMENT

or it may be implied from the conduct, acts or words of the party who is alleged to have waived the right." *Id*. Implied waiver may arise in circumstances where the person against whom the waiver is asserted has engaged in a course of conduct that evidences an intention to waive a right or where his conduct is inconsistent with any intention other than to waive the right. *Id*. As Countrywide and Landsafe rightly point out, waiver is not generally a proper basis for a Rule 12(b)(6) motion to dismiss, as it is an affirmative defense under Federal Rule of Civil Procedure 8(c). Generally, "[a]ffirmative defenses do not justify dismissal under Rule 12(b)(6); litigants need not try to plead around defenses." *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). A defendant can prevail on a motion to dismiss based on waiver "[o]nly when the claimed waiver clearly and unambiguously demonstrates that the party has explicitly waived the right asserted and therefore, is barred as a matter of law from asserting the right." *Cable TV Fund 14-A, Ltd. v. City of Naperville*, No. 96 C 5962, 1997 WL 280692, at *9 (N.D. Ill. May 21, 1997).

Here, in order to make their waiver argument, the Potestivo Defendants go beyond the third-party complaint and rely heavily on statements made in the Landsafe OTC Value Opinion, which was attached as an exhibit to Gaudie's original complaint, as well as Countrywide and Landsafe's Answer to Gaudie's complaint. Countrywide and Landsafe argue that I must limit my analysis solely to the third-party complaint, but there are at least a few district courts who have reviewed the original complaint and its attachments when deciding a motion to dismiss a third-party complaint. *See, e.g.*, *Al-Hazmi v. City of Waukegan*, 579 F. Supp. 1441, 1442 n.2 (N.D. Ill. 1984) (considering the well-pleaded allegations of both the complaint and the third-party complaint in deciding a motion to dismiss the third-party complaint). I need not resolve this question, however, for even if I consider the OTC Value Opinion, it does not establish as a matter of law that Countrywide and Landsafe waived their contribution claim against the Potestivo Defendants. The parties argue over whether or not the OTC Value Opinion was merely a "spot-check" of the Potestivo Defendant's appraisal, or whether it meets the definition of an "Appraisal Review" under the Uniform Standards of Professional Appraisal Practice. On the one hand, the reviewer relied on the comparables provided in the Potestivo appraisal and made the "extraordinary assumption . . . that the report(s) under review includes credible information about the Subject, Comparable Sales and relevant market data." Potestivo Mem. at Ex. B., p. 3. On the other hand, the report suggests that the reviewer, at least in some way, consulted sources beyond the Potestivo appraisal. *Id*. (stating "I have additionally reviewed reasonably available real estate data from the subject market area" and "Secondary sources appear to support the comp selection of the appraisal."). Given the early posture of this case, I have no way of knowing exactly what sources were consulted by the reviewer and cannot, without more information, determine whether or not the OTC Value Opinion could, even arguably, supplant the Potestivo appraisal. This question is further complicated by the fact that the report itself declares that "This appraisal review and reconciliation report is a supplement intended for use *in conjunction with* the report under review." *Id.* (emphasis added). Given the ambiguity and lack of detail in the report, the OTC Value Opinion does not clearly and unambiguously show any "explicit" waiver on the part of Countrywide and Landsafe. Finally, I note that the Potestivo Defendants argue waiver here without citing to a single case which supports their position that review and approval of an independent contractor's work constitutes waiver of any claims against the contractor arising out of fraudulent conduct in connection with the work. In the event the Potestivo Defendants raise this issue on summary judgment, they should point the court to cases which directly support their waiver theory. The Potestivo Defendants' motion to dismiss the third-party complaint is denied.